MARTIN *v.* PEOPLE'S MUTUAL LIFE INSURANCE COMPANY OF JONESBORO.

Opinion delivered July 5, 1920.

INSURANCE—ACCIDENT POLICY—INJURY IN BATTLE.—An accident policy insuring against bodily injuries resulting directly, independently and exclusively of any and all other causes, effected solely through external, violent and purely accidental means, does not include an injury to insured received in war with a public enemy.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

STATEMENT OF FACTS.

Oscar L. Martin brought this suit against the People's Mutual Life Insurance Company of Jonesboro, Ark., to recover $1,000 on an accident insurance policy.

The material facts are as follows: On March 16, 1917, the Arkansas Mutual Life Insurance Company issued to Oscar L. Martin an accident insurance policy in the sum of $1,000. Article No. 4 of the policy provides that should the insured sustain bodily injuries resulting directly, independently and exclusively of any and all other causes, effected solely through external, violent and purely accidental means, which shall wholly and continuously from the date of such injury disable and prevent insured from performing each and every duty pertaining to any and every kind of business, labor

or occupation, and which injury shall require the continuous service of a registered surgeon for one full week or more, the company will pay to the insured the sum of ten dollars ($10.00) per week for each week of such disability not exceeding twenty (20) consecutive weeks.

Subsequently Oscar L. Martin was drafted in the United States army and was sent with the army to France to fight against the German army. On July 22, 1918, while the United States and German armies were engaged in battle, the Germans fired a shell which fell near where Martin was engaged in fighting, and exploded, wounding him so severely that he was permanently disabled for more than two months. Subsequently to the issuance of the policy, the defendant company assumed all liabilities of the Arkansas Mutual Life Insurance Company under the terms of the policies issued by it.

The court directed a verdict for the defendant, and the plaintiff has appealed.

*Sellers, Gordon & Sellers,* for appellant.

The injury received by plaintiff was the result of an accident within the meaning of the terms of the policy. The injury was accidental, whether the insured was engaged in battle or war or in any other pursuit, and the proof is conclusive that the injury was accidental, a fact that should have been submitted to a jury, and the court erred in directing a verdict for defendant. It is not shown that appellant entered into the battle voluntarily, and the injury was an accident. 14 R. C. L. 1255; 1 C. J., p. 459, note 89; 13 S. E. 752; 13 L. R. A. 838; 30 So. Rep. 873.

*Basil Baker,* for appellee.

The court properly directed a verdict, because (1) there was no notice of the injury given the company as required by the policy, and (2) there was no proof of the nature and extent of the injury or proof of any kind in relation thereto as required by the policy, and (3) the injury was not such as was contemplated by the policy as plaintiff had changed his occupation from that of a

farmer and was engaged in actual warfare, which was extra-hazardous, and (4) as there was no dispute as to the manner in which the injury was received, and it was a question of law as to whether it was an accident or not. 5 Joyce on Ins., § 3283, and cases cited; 102 Ark. 1-11; 72 *Id.* 284; 84 *Id.* 224; 87 *Id.* 171; 131 U. S. 100; 42 L. R. A. 188; 3 *Id.* 1295-1300.

HART, J. (after stating the facts). It is insisted by counsel for the plaintiff that the injury received by him was the result of an accident within the meaning of the terms of the policy.

We do not agree with counsel in this contention. The policy insured Martin against bodily injuries resulting directly, independently and exclusively of any and all other causes, effected solely through external, violent and purely accidental means. In construing a similar clause in *Standard Insurance Co.* v. *Langston,* 60 Ark. 381, the court said, that the means which produced the injury must be something unforeseen, unexpected and unusual at the time it occurred.

In *Maloney* v. *Maryland Casualty Co.,* 113 Ark. 174, the court had under consideration a similar clause where the insured was injured by the nurse striking the coccyx bone of the insured while attempting to place a bed pan under him, thereby causing an infection which produced blood poison. The court said that if an injury occurs without the agency of the insured, it may be logically termed accidental, even though it may be brought about designedly by another person.

Tested by this rule, we do not think that the injury sustained by the insured in the case at bar was an accidental one. He was drafted in the United States Army and was injured in battle by an explosion of a shell fired from the gun of the enemy. The injury was the direct and immediate result of the explosion of the shell. If the words as used in the policy are to be understood in their plain and ordinary meaning, they include injury from any unexpected event which happens as by chance, or which occurs without the agency of the insured. In

the case at bar the injury took place according to the usual course of things. It is true the insured became a soldier in the United States Army by reason of the draft law after the United States had engaged in the war with Germany; but the two armies voluntarily engaged in battle, and there was a mutual design to kill and injure as many of the enemy as possible.

Under these circumstances it could not be said that a soldier injured by a bullet or piece of shrapnel from the enemy's gun sustained an accidental injury.

It follows that the court was right in directing a verdict for the defendant, and the judgment must be affirmed.